[No. 7299.   Decided October 13, 1908.]

P. A. SILVERSTONE *et al., Respondents,* v. PAUL S. NORTON,
*Appellant.*[1]

TAXATION—ENFORCEMENT OF TAXES—STATUTORY PROVISIONS—TAX
DEED—BY WHOM EXECUTED—CITY TAXES.  Under the express pro-
visions of Laws 1893, p. 167, which is prospective only, city taxes
levied under prior laws must be collected and enforced in the man-
ner provided by the city charter; and for taxes levied in Seattle in
1891, the tax deed must be executed by the city treasurer (ROOT, J.,
dissenting).

Appeal from a judgment of the superior court for King
county, Albertson, J., entered September 5, 1907, upon
findings in favor of the defendant, in an action to quiet title.
Reversed.

*A. C. MacDonald* and *F. R. Conway,* for appellant.

*Edward Judd,* for respondents.

RUDKIN, J.—This was an action to quiet title.  The only
question in the case is the validity of the tax deed, issued by
the city treasurer of the city of Seattle on the 12th day of
January, 1905, pursuant to a tax sale made on the 26th day
of July, 1892, for delinquent city taxes levied during the
year 1891.  The validity of the tax deed depends upon the
authority of the city treasurer to issue the same at the time
and under the circumstances stated, the plaintiffs contending
that he had no such authority by reason of the provisions of
the act of March 9, Laws 1893, page 167.  The act cited
provides, in general terms, that, from and after its passage,
cities of the first class shall fix their tax rate by ordinance,
the ordinance shall be certified to the county auditor, the coun-
ty auditor shall extend the city taxes on the county rolls, and
such taxes shall be collected by the city treasurer in the same
manner as state and county taxes.  But the act of 1893 is

[1]Reported in 97 Pac. 663.

prospective in its terms. Nothing in its provisions, directly or indirectly, expressly or by implication, authorizes or empowers the county treasurer to issue tax deeds upon sales made prior to the passage of that act. On the contrary, section 7 of the act expressly provides that· "all delinquent taxes now or hereafter owing to any city *not levied* as provided in this act shall be collected and enforced in the manner provided by the charters of the respective cities by which the same were levied." Taxes of the city of Seattle for the year 1891 were not levied under the provisions of the act of 1893, and therefore such taxes must be collected and enforced under the provisions of the city charter, and deeds must be executed by the city treasurer. The county treasurer has not even the semblance of authority to issue deeds in such cases.

The judgment of the court below is therefore reversed, and the cause is remanded with directions to · dismiss the action.

MOUNT, CROW, and DUNBAR, JJ., concur.

HADLEY, C. J., and FULLERTON, J., took no part.

ROOT, J. (dissenting.)—I dissent. The appellant in his brief makes the following statement:

"It is conceded by both parties that: At the time of the execution of the deed by the city treasurer, the whole scheme for the collection of municipal taxes, including the sale of land to satisfy the same and the execution of deeds for land so sold, had been so changed by various acts of the legislature of the state of Washington that the duty of executing such deeds devolved upon the county treasurer, instead of the city treasurer."

The majority opinion ignores this concession, and relies upon § 7 of the act of 1893. Laws 1893, p. 167. But that section applies only to taxes "delinquent and owing" *at the time that statute was enacted,* or "delinquent" *then* and to become owing *thereafter.* The taxes referred to in the case at bar were not delinquent when the statute was passed.

Neither were they owing nor did they become "owing" there-
after. They had been paid and satisfied by the sale of the
property long before the statute was enacted. Hence that
section of the statute has no application to this case.

Section 4 of the act says:

"The county treasurer . . . is hereby constituted
ex officio collector of the city taxes," etc.

Section 9 of the statute says:

"This act shall supersede all conflicting provisions of laws
or charters of cities of the first class relating to the assessment,
·equalization and collection of general taxes for municipal pur-
poses."

With due deference to the majority, I believe the deed in
question should have been issued by the county treasurer.